NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE E. REENDERS,<br><br>          Plaintiff,<br><br>     v.<br><br>PREMIER RECOVERY GROUP,<br><br>          Defendant. | Case No.   4:18-cv-07761<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

**NOW COMES** Aimee E. Reenders ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Premier Recovery Group, ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

**JURISDICTION AND VENUE**

1

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of California, Plaintiff resides in the Northern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant's office is located at 191 North Street, Buffalo, New York 14201. Defendant is a collections agency whose primary purpose is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principle purpose of collecting defaulted consumer debts from consumers, including consumers in the State of California.

**FACTS SUPPORTING CAUSES OF ACTION**

6. In or around November 2018, Plaintiff began receiving collection calls to her cellular telephone number (925) XXX-6330 from Defendant attempting to collect an alleged defaulted Payday loan ("subject debt"), in which Defendant acquired the right to collect on while Plaintiff was in default.

7. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 6330. Plaintiff is and always has been financially responsible for her cellular phone and its services.

8. Immediately after the calls began, Plaintiff received four voice mail messages to her cellular telephone from Defendant. In the voice mail messages, Defendant falsely communicated to Plaintiff that it filed a civil law suit against Plaintiff for "check fraud."

9. Defendant's false communications caused Plaintiff to panic as she thought Defendant filed a civil law suit against her.

10. Plaintiff became stressed and petrified by Defendant's misleading communications. Plaintiff was lead to believe Defendant filed a civil lawsuit against her.

11. At no time did Defendant send Plaintiff any correspondence notifying her of her rights pursuant to 15 U.S.C. §1692g.

## DAMAGES

12. Defendant's unlawful collection attempts disrupted Plaintiff's daily life and general well-being.

13. Plaintiff suffered from emotional distress and mental anguish due to Defendant's unlawful attempts to collect the subject debt as she was led to believe that she would be sued for check fraud.

14. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff restates and realleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

17. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

18. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

19. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

20. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

21. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

22. Defendant violated 15 U.S.C. §§1692e, e(4), e(5), f, and g through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692e**

23. Defendant violated §1692e by using false, deceptive, and misleading representations in connection to the collection of the subject debt. Defendant falsely communicated to Plaintiff that Defendant will sue Plaintiff for "check fraud."

24. Defendant violated §1692e(2) and e(4) when it misled Plaintiff into believing that it filed a civil law suit against Plaintiff. Specifically, Defendant falsely communicated to Plaintiff that the civil law suit was already filed and Plaintiff must respond immediately. At no time did Defendant file a lawsuit against Plaintiff nor was it Defendant's intention to do so.

25. Furthermore, Defendant violated §1692e(5) when it threatened to take legal action against Plaintiff, when it had no intentions on taking such actions. Defendant threatened to sue Plaintiff for "check fraud."

    **b. Violations of FDCPA § 1692f**

26. Defendant violated §1692f by using unfair and unconscionable means to collect on the subject debt. Specifically, Defendant threaten to sue Plaintiff for "check fraud," call Plaintiff's employer, and garnish Plaintiff's wages. Defendant's conduct was unfair because it used such threats to scare Plaintiff into making a payment on the subject debt.

### c. Violations of FDCPA § 1692g

27. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

28. As a result of Defendant's failure to properly inform Plaintiff as to her rights for debt verification, Defendant was able to attain a judgment against Plaintiff in regard to the subject debt.

29. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through conduct that violates the FDCPA.

30. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff AIMEE E. REENDERS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated: December 27, 2018           Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com